MALONEY v. LESTERSHIRE LUMBER & BOX CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

SET-OFF AND COUNTERCLAIM (§ 33*)—SUBJECT-MATTER OF SET-OFF—BREACH OF CONTRACT.

    Correspondence between a seller and buyer, extending the time for delivery, if sufficient to constitute a waiver of the seller's default, is only a waiver conditional on the subsequent execution of the contract in pursuance therewith; and, where the goods were not so delivered, the buyer had a cause of action for damages, which he could set off against the seller's action on a subsequent contract.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 54; Dec. Dig. § 33.*]

    Houghton, J., dissenting.

Appeal from Broome County Court.

Action by Robert Maloney against the Lestershire Lumber & Box Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Herman D. Walters (Archibald Howard, of counsel), for appellant.

Carver, Deyo & Hitchcock (Israel T. Deyo, of counsel), for respondent.

SMITH, P. J. The action is brought to recover the purchase price of a car load of lumber shipped by the plaintiff's assignor to the defendant. The receipt of the lumber is confessed, and the price agreed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be paid therefor.   A question raised as to the exact amount of lumber delivered is not material to the controversy, as it will hereafter appear.

The main contention arises over the defendant's counterclaim for damages sustained by the failure of the plaintiff's assignor to furnish two other car loads of lumber according to a prior contract.   These two car loads had been ordered early in 1905.   While the original contract was oral, it was afterwards reaffirmed in the letters sufficiently to avoid the defense of the statute of frauds.   Upon this contract the plaintiff's assignor made default, by failing to deliver the cars according to its terms.   It is claimed in plaintiff's behalf that this default was waived by the correspondence of December 22 and 26, 1905, between the parties; that the time to deliver the said lumber was extended by stipulation, so as to wipe out any cause of action which the defendant might have had against plaintiff's assignor prior to that time.   Upon this assumption it is claimed that the defendant's default in failing to pay for the car load of lumber furnished at Syracuse, and for which this suit is brought, relieved the plaintiff's assignor from the performance of its contract to deliver the two cars under the original contract as thus modified.

At the time of these letters referred to, plaintiff's assignor was in default, and was liable to the defendant for the damage that had been suffered by the defendant by reason of that default.   If the letters of December 22d and 26th can be deemed to be a waiver of the default, a fair interpretation must construe that waiver as conditional upon the subsequent execution of the contract and delivery of the cars in pursuance therewith.   It has always been adjudicated that a plea of an accord without satisfaction is no bar to an action for damages.   Under this principle of law the unexecuted agreement of plaintiff's assignor to furnish four cars by his letter of December 22d cannot operate as a satisfaction of the defendant's claim for damage for the default of the plaintiff's assignor in failing to furnish the two cars under the prior contract.   Upon the final refusal of the plaintiff's assignor to furnish those two cars, defendant, therefore, had a cause of action for damages for the breach of the original contract, which was properly counterclaimed in this action against the price of the car of lumber actually delivered.   We have considered the other questions raised by the appeal, and find no cause for the reversal of the judgment and order. Judgment and order should, therefore, be affirmed, with costs.

Judgment and order affirmed, with costs.   All concur, except HOUGHTON, J., who dissents.